IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ADTRAV CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:14-cv-056-TMP |
| ) | |
| DULUTH TRAVEL, INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER REGARDING DISCOVERY MOTIONS
AND REVISED SCHEDULING ORDER**

Currently pending before the Court are ADTRAV Corporation's Motion for Leave to Permit Additional Discovery and Duluth Travel, Inc.'s, Motion to Compel.

The Court conducted a Status Conference and hearing on these discovery motions on November 13, 2015, and was advised by counsel for the Parties that they had reached agreement on a number of the disputes contained within their respective Motions. The parties have agreed to the provisions set forth below in sections I and II.

**I.      ADTRAV's Motion for  Additional  Discovery**

Duluth Travel shall produce to ADTRAV the following information within 14 days from the entry of this Order:

1.      Redacted agreement between Duluth Travel and Concur. Such redaction shall include, but not necessarily be limited to, any and all confidential or proprietary information, including pricing, partnering, marketing information or any other information which could disadvantage Duluth Travel from a

1

competiveness standpoint. If ADTRAV is dissatisfied with the redactions, the parties will seek an in camera inspection by the Court. Any and all agreements provided will be subject to the confidentiality and protective order entered by this Court.

      2.    Redacted agreement between Duluth Travel and Travel Incorporated. Such redaction shall include, but not necessarily be limited to, any and all confidential or proprietary information, including pricing, partnering, marketing information or any other information which could disadvantage Duluth Travel from a competiveness standpoint. If ADTRAV is dissatisfied with the redactions, the parties will seek an in camera inspection by the Court. Any and all agreements provided will be subject to the confidentiality and protective order entered by this Court.

      3.    Revenues generated by the VA business and earned by the parties under Duluth Travel's contract with the VA after October 1, 2013, through December 31, 2014, but only to the extent that such income was generated during the time that Duluth Travel and ADTRAV were still doing business together (i.e., revenues that were earned during the period of the agreement between the Parties, but paid after the agreement's termination).[1]

## II.    Duluth Travel's Motion to Compel

ADTRAV shall produce to Duluth Travel the following information within 14 days from the entry of this Order (unless otherwise stated):

      1.    ADTRAV shall provide all Individually Billed Account (IBA) and Centrally Billed Account (CBA) reports for any Veterans Administration business from January 1, 2007, through December 31, 2014, to the extent available. ADTRAV agrees that, to the extent there are any missing reports, the electronic search of ADTRAV's databases will include a search for those missing reports.

      2.    ADTRAV shall provide copies of the following six (6) government contracts identified by ADTRAV in its interrogatory responses:

            a.    2007 contract between ADTRAV and the Department of Commerce;

---

[1] The Court recognizes that the parties disagree as to the date that their agreement was terminated.

2

      b.      2008 contract between ADTRAV and the Corporation for National and Community Service;

      c.      2009 contract between ADTRAV and the Defense Nuclear Facilities Safety Board;

      d.      2009 contract between ADTRAV and the General Services Administration;

      e.      2009 contract between ADTRAV and Pension Benefit Guaranty Corporation; and

      f.      2011 contract between ADTRAV and the National Endowment of the Arts.

Along with the production of the contracts, ADTRAV shall provide to Duluth Travel total revenues generated by each of the six (6) contracts identified.

Any and all agreements and revenue information provided by either party will be subject to the confidentiality and protective order entered by this Court.

3.     ADTRAV shall provide to Duluth Travel Authorizations to Release Payment Records from Third-Party Vendors in the forms attached herein, properly executed by ADTRAV and notarized, in order for Duluth Travel to obtain third-party payments as identified in Duluth Travel's previously served subpoenas.

4.     ADTRAV shall provide to Duluth Travel an Authorization to Release Third-Party Agreements directly to ADTRAV in the form attached herein, properly executed by ADTRAV and notarized, in order for Duluth Travel to obtain third-party agreements identified in Duluth Travel's previously served subpoenas. However, this authorization will be limited and require third-parties to deliver the agreements directly to ADTRAV, not Duluth Travel. ADTRAV will make redactions to the agreements as set forth herein and then supply the agreements to Duluth Travel. Within 14 days of any third-party agreements submitted to ADTRAV pursuant to ADTRAV's authorization, ADTRAV shall provide redacted agreements to Duluth Travel. Such redaction shall include, but not necessarily be limited to, any and all confidential or proprietary information, including pricing, partnering, marketing information or any other information which could disadvantage ADTRAV from a competiveness standpoint. Any and all agreements

provided will be subject to the confidentiality and protective order entered by this Court. If Duluth is dissatisfied with the redactions, the parties will seek an in camera inspection by the Court.

In addition to the matters upon which the parties reached an agreement, as set forth above, some discovery matters remained in dispute, as were outlined in the joint status report filed November 20, 2015. (Doc. 48). The discovery disputes were set for hearing on November 30, 2015. Having considered the motions, the responses, and the arguments of counsel, the court finds as set forth below in Sections III, IV, and V.

### III.     ELECTRONICALLY STORED INFORMATION

ADTRAV and Duluth have agreed to a serach of ADTRAV's Electronically Stored Information ("ESI"), but were unable to reach an agreement about how that search shall be performed. The court finds that Duluth's desire to have an independent third-party conduct the search is unwarranted at this time. In keeping with the dictate of the Eleventh Circuit Court of Appeals, a party is not due to be given "unrestricted, direct access" to the opponent's database. In re Ford Motor Co., 345 F.3d at 1316-17 (11th Cir. 2003).

Accordingly, Duluth is directed, within 7 days, to provide to ADTRAV a list of keywords to be used in a keyword-search of all ESI at issue in this case. The search will be conducted by or at the direction of ADTRAV, and all responsive documents which pertain to the contract with the Veterans Administration at issue here, shall be produced to Duluth within 14 days after the keywords are provided.

### IV.     INDIVIDUALLY-HELD OPERATING ACCOUNTS

Both parties are directed to produce, within 20 days, a list of all individually-held bank accounts into which any revenue derived from the VA contract at issue was deposited. The parties shall provide: (1) the date of any such deposit, (2) the amount of the deposit, (3) the payor, (4) the account number, and (5) the bank name. No subpoenas shall be issued to any bank or in connection with any such account without first seeking and receiving court approval.

## V. REVISED SCHEDULING ORDER

Based on agreement between the Parties and the Court's consideration, the Scheduling Order is revised to reflect the following new pretrial dates:

**1.     Expert Depositions:**     The Parties have exchanged expert reports. Accordingly, the Court directs that expert depositions be completed on or before **January 13, 2016**. The Court has been advised that the deposition of Duluth Travel's expert has already been scheduled for **December 18, 2015**, beginning at 10:30 a.m. EST, in Atlanta, Georgia.

**2.     Dispositive Motions:**  All potentially dispositive motions must be filed on or before **February 1, 2016**, and should be accompanied by supporting briefs and all evidentiary material in support thereof.

**3.**     The Court anticipates that a pretrial conference will be scheduled after **May 1, 2016**.

**4.     Final lists:**  The court will establish deadlines for the exchange of final witness and exhibit lists at the pretrial conference.

**5.     Trial:** The parties shall be ready for trial to be scheduled on or after June 1, 2016.  Trial will be set by separate order.

In accordance with the provisions set forth herein, the Motion to Compel (doc. 44) is GRANTED IN PART AND DENIED IN PART, and the Motion for Leave to Permit Additional Discovery (doc. 37) is GRANTED IN PART AND DENIED IN PART.

**DONE** and **ORDERED** on November 30, 2015.

_____
T. MICHAEL PUTNAM
U.S. MAGISTRATE JUDGE