IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ADTRAV CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 2-14-CV-0056-TMP-S |
| | ) **OPPOSED** |
| DULUTH TRAVEL, INC., | ) |
| | ) |
| Defendant and Plaintiff in Counterclaim. | ) ) |

_____

### DULUTH TRAVEL INC.'S MOTION FOR LEAVE TO FILE FIRST AMENDED COUNTERCLAIM
_____

COMES NOW Defendant/Counterclaim Plaintiff, Duluth Travel, Inc. ("Duluth"), and respectfully moves the Court to enter an order granting Duluth leave to file its First Amended Counterclaim. In support of said motion, Duluth provides the following:

1.  Duluth's original Answer and Counterclaim was filed with the Court on February 24, 2014, and alleged claims for breach of the 2005 contract between Duluth and Plaintiff Adtrav Corporation ("Adtrav") (Count One); breach of the 2010 contract between the Parties (Count Two); and fraud (Count Three). The principal gravamen of Duluth's Counterclaim centered on Adtrav's breaches of the Parties' 2005/2006 and 2010 Agreements and Adtrav's failure to satisfy its fiduciary

1

responsibilities to Duluth to account for all revenue generated by Duluth's contract with the Veterans Administration ("VA") contract.

2. At the time of its initial filing, the information and evidence that Duluth had in its possession supported the counterclaims, but over the course of discovery, Duluth has discovered substantial additional evidence of misclassified, underreported, and/or unreported revenues that Adtrav collected under both the 2005/2006 and the 2010 Agreements but never disclosed to Duluth. As the Court has been advised, Adtrav was in complete control of collecting and reporting to Duluth the revenues earned under Duluth's contract with the VA.

3. The Parties in this action have engaged in extensive discovery. Adtrav admitted early in this case, however, that it had either lost or destroyed much of the accounting backup data used to support Adtrav's reporting of revenues to Duluth, despite the fact that it supposedly had a five-year document retention policy. ("We tried to keep all accounting records for five years." See Depo. of Adtrav's former controller and Vice President of Finance, James Kern, p. 37). As Duluth has previously noted to the Court, Adtrav was *required* to maintain this information under federal regulations. Further, because of obvious gaps in Adtrav's productions, Duluth was forced to file a Motion to Compel, which resulted in Adtrav producing a multitude of additional information in late December, 2015.

4.      Further, and in an attempt to obtain the information that Adtrav claims it either lost or destroyed, Duluth was forced to issue *numerous* third-party subpoenas (e.g., to the commission-collection companies, to the car-rental agencies, to the various hotel chains, to the airlines, etc.) in order to attempt to create a proper accounting of the VA-generated revenues. The efforts required of Duluth to accomplish this accounting proved to be an arduous, complicated, and very expensive undertaking for Duluth (and its expert).

5.      Based on information supplied by the third parties and the information that Adtrav finally produced to Duluth in December of 2015, Duluth discovered a number of discrepancies in what Adtrav had reported to Duluth (e.g., some of the commissions generated under the Duluth's contract with the VA had been reported by Adtrav as either non-commissionable or uncollected).

6.      Until Duluth was able to obtain the third-party data and the information that Adtrav finally produced in response to Duluth's Motion to Compel, Duluth had no way of knowing that evidence existed to support amendment of its pending counterclaims.

7.      Under Rule 15 of the *Federal Rules of Civil Procedure*, "a party may amend its pleading only with the … the court's leave[; however, the] court should freely give leave when justice so requires." *Fed. R. Civ. P.* 15(a)(2).

8. In *Bartronics, Inc. v. Power-One, Inc.*, 245 F.R.D. 532, 534 (S.D. Ala. 2007), the Court, in interpreting Rule 15(a), noted that the Rule provides that leave to amend pleadings "shall be freely given when justice so requires" and further recognized that:

> The Eleventh Circuit has explained that such leave should be "freely given," as required by the rule, except in the presence of countervailing factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *McKinley v. Kaplan*, 177 F.3d 1253, 1258 (11th Cir. 1999) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L.Ed.2d 222 (1962)); see also *Carruthers v. BSA Advertising, Inc.*, 357 F.3d 1213, 1218 (11th Cir. 2004) (explaining that despite "freely given" language of Rule 15(a), leave to amend may be denied on such grounds as undue delay, undue prejudice, and futility). **Although whether to grant leave to amend rests in the district court's discretion, Rule 15(a) "severely restricts" that discretion**. *Sibley v. Lando*, 437 F.3d 1067, 1073 (11th Cir. 2005). Indeed, denying leave to amend is an abuse of discretion in the absence of a showing of one or more of the *Foman* factors.

*Bartronics*, 245 F.R.D. at 534 (emphasis added); see also, *Moore v. Baker*, 989 F.2d 1129 (11th Cir. 1993) (the Court noting that "[e]ven with consideration of these [*Foman*] factors, however, leave to amend a pleading should be denied only when a substantial reason exists); *Spanish Broadcasting System of Fla., Inc. v. Clear Channel Communications, Inc.*, 376 F.3d 1065 (11th Cir. 2004) (the Court noting

4

that "leave to amend must be granted absent a specific, significant reason for denial").

9. In the present case, there is no argument with any true merit that Duluth is seeking to amend its counterclaim to cause any "undue delay;" that Duluth is seeking to amend in "bad faith or [with] dilatory motive;" that there has been any "repeated failure to cure deficiencies by amendments previously allowed;" that the amendment will cause any "undue prejudice" to Adtrav by the Court's allowance of the amendment; or that Duluth's amended counterclaim evidences any "futility of amendment." See *Bartronics*, 245 F.R.D. at 534.[1]

WHEREFORE, Duluth respectfully requests that the Court grant Duluth's Motion for Leave to Amend and permit Duluth to file and serve the Amended Counterclaim (a copy of which is attached hereto as Exhibit "A").

Respectfully submitted,

/s/ *D. Michael Sweetnam*
D. MICHAEL SWEETNAM
KYLE W. BRENT

---

[1] Duluth has previously noted to the Court and to Adtrav that it believed that amending the counterclaim may be necessary based on the newly discovered evidence. See Duluth's Response to Adtrav's Motion for Partial Summary Judgment, p. 16. Duluth's counsel also discussed the need for an amendment to Duluth's counterclaim during the recent June 17, 2016 hearing on Duluth's Motion for Sanctions. Further, should the Court grant Duluth's motion and allow an independent search of Adtrav's ESI, Duluth respectfully reserves the right to further amend its Counterclaim with leave of Court.

5

OF COUNSEL:
Sweetnam & Schwartz, LLC
1200 Ashwood Parkway, Suite 190
Atlanta, GA  30338
Phone: (678) 528-6739

                                                                               /s/ *Jim H. Wilson*
                                                                               LYNNE STEPHENS O'NEAL
                                                                               JIM H. WILSON

                                                                              Attorneys for Duluth Travel, Inc.

OF COUNSEL:

LEITMAN, SIEGAL & PAYNE, P.C.
Wells Fargo Tower
420 20th Street North, Suite 2000
Birmingham, AL 35203

## CERTIFICATE OF SERVICE

     I hereby certify that I have filed a copy of the foregoing using the Court's CM/ECF electronic filing system and have served a copy upon all counsel of record via EMAIL on this the 23rd day of June, 2015.

    Roger L. Bates, Esq.
    Tracy R. Davis, Esq.
    Hand Arendall, LLC
    2001 Park Place North, Suite 1200
    Birmingham, AL 35203

    Rod Cate, Esq.
    RSA Tower
    11 North Water Street, Suite 30200
    Mobile, AL 36602

                                                                             /s/ *Jim H. Wilson*
                                                                              OF COUNSEL