IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ADTRAV CORPORATION, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CV 2-14-CV-0056-TMP-S |
| | ) |
| DULUTH TRAVEL, INC., | ) |
| | ) |
|     Defendant and Plaintiff | ) |
|     in Counterclaim. | ) |

_____

**DULUTH TRAVEL INC.'S FIRST AMENDED COUNTERCLAIM**
_____

COMES NOW Duluth Travel, Inc. (hereafter "Duluth"), and submits this, its First Amended Counterclaim in order to conform Duluth's original Counterclaim to the evidence uncovered during discovery in this action. Duluth hereby amends its Counterclaim to add and include the following allegations:

**AMENDMENTS TO COUNT ONE
BREACH OF THE 2005/2006 CONTRACT**

21.

Duluth incorporates the allegations contained in its original Counterclaim as if fully set forth herein.

22.

Duluth contracted with Plaintiff ADTRAV Corporation ("Plaintiff" or "ADTRAV") and paid ADTRAV considerable amounts of money to compile and maintain accurate and complete financial records with regard to one hundred percent of all revenue generated and collected pursuant to the Parties' Agreements regarding Duluth's prime contracts with the Veterans Administration ("VA") for travel services.

23.

Pursuant to the Agreements, Duluth paid ADTRAV to accurately report all revenue referenced in paragraph 22 herein. Because of ADTRAV's failure to report the income in breach of its agreements with Duluth, Duluth was deprived of the income that it had earned under its contract with the VA.

24.

During the course of discovery in this action, Duluth has learned that Plaintiff breached its contractual obligations as set forth in paragraphs 22 and 23 herein.

25.

Duluth has been damaged by Plaintiff's breaches of contract as alleged herein.

WHEREFORE, Duluth prays for the following additional relief against ADTRAV under Count One of its Counterclaim;

(a) For judgment for damages arising from Plaintiff's breaches in an amount to be proven at trial;

(b) For accrued interest on said damages;

(c) For attorneys' fees and costs and expenses through the date of judgment; and

(d) For all such other and further relief as this Court deems just and appropriate.

## AMENDMENTS TO COUNT TWO
## BREACH OF THE 2010 CONTRACT

26.

Duluth incorporates the allegations contained in its original Counterclaim as if fully set forth herein.

27.

Duluth contracted with ADTRAV and paid ADTRAV considerable amounts of money to compile and maintain accurate and complete financial records with regard to one hundred percent of all revenue generated and collected pursuant to the Parties' Agreements regarding Duluth's prime contracts with the VA for travel services.

28.

Pursuant to the Agreements, Duluth paid ADTRAV to accurately report all revenue referenced in paragraph 27 herein.

29.

During the course of discovery in this action, Duluth has learned that Plaintiff breached its contractual obligations as set forth in paragraphs 27 and 28 herein.

30.

Duluth has been damaged by Plaintiff's breaches of contract as alleged herein.

WHEREFORE, Duluth prays for the following additional relief against ADTRAV under Count Two of its Counterclaim;

> (a) For judgment for damages arising from Plaintiff's breaches in an amount to be proven at trial;
>
> (b) For accrued interest on said damages;
>
> (c) For attorneys' fees and costs and expenses through the date of judgment; and
>
> (d) For all such other and further relief as this Court deems just and appropriate.

## AMENDMENTS TO COUNT THREE
## FRAUD AS TO BOTH THE 2005/2006 AND 2010 CONTRACTS

31.

Duluth incorporates the allegations contained in its original Counterclaim as if fully set forth herein.

32.

Plaintiff owed a fiduciary duty to Duluth to compile and maintain accurate and complete financial records with regard to one hundred percent of all revenue generated and collected pursuant to the Parties' Agreements regarding Duluth's prime contracts with the VA for travel services.

33.

Plaintiff owed a fiduciary duty to Duluth to accurately report all revenue referenced in paragraphs 22, 23, 27 and 28 herein, but diverted revenue and did not provide Duluth with accurate information.

34.

During the course of discovery in this action, Duluth has learned that ADTRAV committed fraud/deceit and suppressed material facts by breaching its fiduciary duties to Duluth as set forth in paragraphs 32 and 33 herein by misrepresenting the true amount of revenue earned under Duluth's contracts with the VA. By way of example, ADTRAV misrepresented and/or concealed the true amounts of revenue earned under Duluth's contract with the VA by misclassifying and/or underreporting commissions and suppressed the true amounts of revenue earned under Duluth's contract with the VA, thereby diverting and keeping income that should have been paid to Duluth.

35.

Plaintiff's breaches of fiduciary duty to Duluth amount to fraud (in that they encompass misrepresentations knowingly or recklessly made, relied upon by Duluth, and which resulted in damage to Duluth) and suppression in that ADTRAV owed Duluth a duty to disclose the true amounts of revenue generated by Duluth's contract with the VA, but concealed and/or misrepresented those amounts.

36.

In each instance in which ADTRAV sent a report to Duluth that misrepresented the amount of revenue, misclassified revenue, underreported revenue, or otherwise suppressed the true amounts of revenue earned under Duluth's 2005/2006 and/or 2010 VA Contract, Duluth relied on those representations to its detriment in that ADTRAV diverted income that should have been paid to Duluth.

37.

Duluth has been damaged by Plaintiff's fraud, misrepresentations, and breaches of duty/suppression as alleged herein.

WHEREFORE, Duluth prays for the following additional relief against Plaintiff ADTRAV under Count Three of its Counterclaim;

> (a) For judgment for damages in an amount to be determined by the enlightened conscience of an impartial jury;
>
> (b) For accrued interest on said damages;

(c) For punitive damages; and

(d) For all such other and further relief as this Court deems just and appropriate.

        Respectfully submitted,

        /s/ D. *Michael Sweetnam*
        D. MICHAEL SWEETNAM
        KYLE W. BRENT

OF COUNSEL:

Sweetnam & Schwartz, LLC
Suite 190
1200 Ashwood Parkway
Atlanta, GA  30338
Phone: (678) 528-6739

        /s/ *Jim H. Wilson*
        LYNNE STEPHENS O'NEAL
        JIM H. WILSON

        Attorneys for
        Defendant/Counterclaim Plaintiff
        Duluth Travel, Inc.

OF COUNSEL:

LEITMAN, SIEGAL & PAYNE, P.C.
Wells Fargo Tower
420 20th Street North, Suite 2000
Birmingham, AL 35203
Phone: (205) 251-5900

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have filed a copy of the foregoing using the Court's CM/ECF electronic filing system which will serve a copy upon the following counsel of record on this the 23rd day of June, 2016:

Roger L. Bates, Esq.
Tracy R. Davis, Esq.
Hand Arendall, LLC
2001 Park Place North
Suite 1200
Birmingham, AL 35203

Rod Cate, Esq.
RSA Tower
11 North Water Street
Suite 30200
Mobile, Alabama 36602

                                                    /s/ *Jim H. Wilson*
                                                    OF COUNSEL