FILED
2016 Jul-05 PM 01:28
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ADTRAV CORPORATION, ) | |
| ) | |
| Plaintiff/Counterclaim ) | |
| Defendant ) | |
| ) | |
| vs. ) | Case No. 2:14-cv-56-TMP |
| ) | |
| DULUTH TRAVEL, INC. ) | |
| ) | |
| Defendant/Counterclaimant. ) | |

ORDER

This cause is before the court on defendant Duluth Travel's motion for contempt, sanctions, additional relief against plaintiff ADTRAV Corporations. (Doc. 75). Defendant contends that, despite this court's earlier order of November 30, 2015, plaintiff has failed to conduct a thorough search of its electronic databases to identify and produce documents and records responsive to defendant's requests for production. Except as provided below, the motion is DENIED.

In its counterclaim, Duluth contends that ADTRAV misappropriated revenue due to Duluth under a joint working arrangement for providing travel-related services to the Veterans Administration. Defendant argues that this misappropriation has now been proven through documents obtained from third

parties showing that certain revenues were not reported and shared by ADTRAV as required by their contract.  Duluth also contends that, from these same third-party documents, it is apparent that ADTRAV has "has withheld critical evidence from Duluth…." (Doc. 75, at 2).  Because ADTRAV says that it no longer has some of the third-party supporting documents sought by defendant, Duluth renews its request for the court to order the plaintiff to make all of its electronic records available for review by an independent third-party computer forensic expert at ADTRAV's expense.

Duluth contends that the Trams documents produced by ADTRAV, when compared to third-party documents Duluth now has obtained, underreport substantial income to which Duluth contends it was entitled to a share.  From there, however, Duluth makes a leap to the conclusion that this underreporting establishes that ADTRAV has not only refused to produce relevant electronic records showing these third-party documents, but also has refused to carry out the ESI search the court ordered last November.  The court does not accept that leap of logic.  First, the fact that Duluth has succeeded in obtaining documents from the third parties that it sought from plaintiff ameliorates the harm to Duluth from ADTRAV's loss of these documents.[1]  Second, the fact that Duluth may be able to

---

[1] The loss of documents is not so great as Duluth portrays.  Duluth states in its motion that what is missing are the following: (1) ARC weekly net remit reports for 2007, 2008, and most of 2009; (2) ARC weekly summaries for *five* weeks in 2010; (3) ARC weekly summaries for *four*

demonstrate an underreporting of revenues,[2] while important to the merits of its counterclaim, proves nothing about the state of ADTRAV's document production. ADTRAV has admitted all along that some of its documents and records have been lost or deleted. The court's November 30, 2015 order was intended to give Duluth the chance to specify search terms ADTRAV was to use to search its records for the missing documents. ADTRAV says it conducted the search and produced to Duluth the results. Rule 34 does not require a producing party to reconstruct

---

weeks in 2011; (4) ARC weekly summaries for *three* weeks in 2012; (5) all Pegasus reports for 2007 through 2009; (6) all TACS reports for 2007 through 2009; (7) all NPC reports from 2007 through 2009; (8) all Red Mountain Bank statements from April 1, 2008, to the closing of the account, and (9) all Aliant Bank statements for a *joint* account held by the parties.  (Doc. 75 at 5).  What this itemization reveals is that most of the missing records are from 2007 to 2009, implying at least that ADTRAV has produced similar records for the later time period of 2010 to 2014.  While it is true that Count One of Duluth's counterclaim asserts a claim for breach of the 2005 contract on the basis that ADTRAV failed to share business with Duluth, it is Counts Two and Three of the counterclaim that focus on breach of contract and fraud claims related to under-reporting of income from the 2010 contract.  It appears that records related to the post-2009 time frame have been produced by ADTRAV or, at the very least Duluth has not pointed to any such lost or missing documents.

Furthermore, even as to the newer records, the impact of missing records is slight.  The missing ARC weekly summaries relate, apparently, only to a small number of weeks for each year.  For example, Duluth identified missing summaries for five weeks in 2010, four weeks in 2011, and three weeks in 2012.  The court assumes that weekly summaries for the remaining weeks in each of these years (47 weeks in 2010, 48 weeks in 2011, and 49 weeks in 2012) were produced.

Also, Duluth admits that it has succeeded in obtaining by subpoena copies of the missing documents from Pegasus, TACS, and NPC, and it should have equal access to Aliant Bank records as a joint owner of the account.  In sum, most of the missing documents are either not important because they do not bear on the time period in dispute, or their substantial equivalent has been obtained (or can be obtained), or they are only a small fraction of the records related to the time in dispute.

[2]  The court notes there are grave concerns about the accuracy of the conclusions reached by Duluth's expert, Zandman.  There appear to be a number of errors that undermine the reliability of the report.  At this time, the court makes no comment or determination about the usefulness of the expert report.

documents and records it no longer has.  ESI discovery does not require perfection, but only a good faith attempt to locate and produce the requested data.  If ADTRAV has done so, the fact that some records are now missing or deleted is unfortunate, but not a violation of its discovery duties under the Federal Rules of Civil Procedure.

To assure ADTRAV's compliance with the Order requiring a good-faith search of its electronic records, using the search terms supplied by Duluth, it is ORDERED that, within fifteen (15) days following this Order, the CEO of ADTRAV shall execute under **oath and penalty of perjury**, and file with the court, an affidavit describing in detail the date, manner, databases, and persons involved in carrying out the electronic search required by the November 30, 2015 Order; stating that all documents responsive to Duluth's request for production of documents have been produced, or if not produced, why not; and describing in detail why ADTRAV contends that requested documents and records are missing, lost, or deleted.

In all other respects the motion for sanctions, contempt, and additional relief is DENIED.

DONE this 5th day of July, 2016.

_____
T. MICHAEL PUTNAM
UNITED STATES MAGISTRATE JUDGE